J-S16033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS  DELVALLE SR., | : | |
| | : | |
| Appellant | : | No. 2247 EDA 2019 |

Appeal from the Order Entered July 2, 2019
in the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0002812-2014

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 9, 2020**

Jesus Delvalle, Sr. ("Delvalle"), appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  Additionally, Glen R. Morris, Esquire ("Attorney Morris"), has filed a Petition to Withdraw as counsel, and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We deny Attorney Morris's Petition to Withdraw, vacate the PCRA court's Order, and remand for further proceedings.

On September 12, 2014, a jury convicted Delvalle of two counts each of criminal conspiracy and corrupt organizations, and one count each of conspiracy related to corrupt organizations, criminal use of a communication facility, and possession with intent to deliver heroin.[1]  The trial court sentenced

---

[1] 18 Pa.C.S.A. §§ 903, 911(b)(2)-(4), 7512(a); 35 P.S. § 780-113(a)(30).

Delvalle to an aggregate term of 12 to 24 years in prison. The trial court subsequently issued an amended sentencing Order, reducing Delvalle's aggregate sentence to 10 to 20 years in prison. This Court affirmed Delvalle's judgment of sentence. **See Commonwealth v. Delvalle**, 151 A.3d 1143 (Pa. Super. 2016) (unpublished memorandum).

Delvalle, *pro se*, filed his first PCRA Petition on September 1, 2016, asserting that his counsel had rendered ineffective assistance by failing to file petition for allowance of appeal to the Pennsylvania Supreme Court. Delvalle subsequently filed a *pro se* Amended PCRA Petition, alleging additional ineffective assistance of counsel claims. The PCRA court appointed Stuart Wilder, Esquire ("Attorney Wilder"), as PCRA counsel. On April 5, 2017, the PCRA court granted Delvalle's Petition, and reinstated his right to file a petition for allowance of appeal, *nunc pro tunc*.[2]

On May 8, 2017, Delvalle filed a Petition for allowance of appeal, which our Supreme Court denied. **See Commonwealth v. Delvalle**, 171 A.3d 1284 (Pa. 2017).

On December 26, 2018, Delvalle, through Attorney Morris, filed the instant PCRA Petition, alleging only the following vague claims: (1) trial counsel was ineffective for failing to "utilize" evidence that a cell phone associated with narcotics transactions belonged to another individual; (2) trial

---

[2] The PCRA court Order indicates that appointed counsel raised this claim on Delvalle's behalf. However, no filing or counseled amendment to Delvalle's PCRA Petition appears in the certified record.

counsel was ineffective for failing to address an "allusion" made by the prosecutor that the prosecutor and jury had a prior *ex parte* discussion; and (3) the verdict was against the weight and sufficiency of the evidence. The PCRA court subsequently issued an Order directing Attorney Morris to file an amended petition "setting forth with specificity all legal claims [Delvalle] intends to pursue." Order, 1/9/19; *see also id.* (cautioning Attorney Morris to comply with the requirements set forth in Pa.R.Crim.P. 902, 42 Pa.C.S.A. § 9545, and ***Commonwealth v. Cousar***, 154 A.3d 287 (Pa. 2017)). On March 1, 2019, Attorney Morris filed an Amended PCRA Petition, listing verbatim the first and second claims raised in the original Petition, and additionally alleging that trial counsel was ineffective for failing to produce a witness who would testify regarding "gamesmanship" by the police used to coerce a confession. The Commonwealth subsequently filed a Motion to Dismiss the PCRA Petition, citing Attorney Morris's continued non-compliance with the pleading requirements, and asserting that the Petition failed to state a claim that would entitle Delvalle to relief.

The PCRA court conducted a hearing on March 21, 2019. During the hearing, Attorney Morris withdrew Delvalle's claim concerning the alleged *ex parte* discussion. Following a discussion about Delvalle's final claim (*i.e.*, that his confession was coerced), the PCRA court granted a continuance to "provide affidavits or otherwise comply with the rule as to what witnesses specifically would say." N.T., 3/21/19, at 24.

On March 22, 2019, the PCRA court again directed Attorney Morris to file an amended petition, and scheduled a hearing. Attorney Morris failed to comply. By Order entered June 7, 2019, the PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss Delvalle's Petition without an evidentiary hearing, and canceled the previously-scheduled hearing. Delvalle filed no response to the Notice. On July 2, 2019, the PCRA court dismissed the Petition.

Delvalle filed a *pro se* Notice of Appeal on August 5, 2019.[3] The PCRA court ordered Delvalle to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). From the record, it does not appear that Delvalle complied with the court's directive, either *pro se* or through counsel.[4]

We initially observe that Delvalle's *pro se* Notice of Appeal was untimely

_____

[3] On March 6, 2020, during the pendency of this appeal, Delvalle filed a *pro se* "Petition to File Post-Conviction Act *Nunc Pro Tunc*" in this Court. In the Petition, Delvalle points to Attorney Morris's prior failure to file an amended PCRA petition on his behalf, in accordance with the PCRA court's **second** directive for Attorney Morris to do so. **See** Petition, 3/6/20, ¶¶ 4-5. Delvalle alleges that Attorney Morris failed to file a response to the PCRA court's Rule 907 Notice on his behalf. **Id.** ¶ 2. Delvalle also asserts that he was forced to file a *pro se* Notice of Appeal, despite being represented by privately retained counsel. **See id.** ¶ 7. Delvalle states that he requested, "by way of a letter dated March 3, 2020, that [Attorney] Morris withdraw his appearance." **Id.** ¶ 12. Based on our disposition, which addresses Delvalle's assertions, we deny Delvalle's *pro se* Petition.

[4] In its Opinion, the PCRA court stated that it would deem Delvalle's issues waived for this reason. **See** PCRA Court Opinion, 9/3/19, at 5-6. For the reasons discussed *infra*, we decline to find waiver on this basis.

filed.[5] We acknowledge that the timeliness of an appeal implicates this Court's jurisdiction. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1034 (Pa. Super. 2014). However, for the reasons that follow, we conclude that Delvalle's *pro se* filing does not preclude relief under these particular circumstances.

The record reflects that Delvalle filed the instant PCRA Petition, through his privately retained counsel, Attorney Morris, on December 26, 2018. The PCRA court then ordered Attorney Morris to file an amended petition, and cautioned Attorney Morris that the amended petition must comply with all legal requirements. Attorney Morris filed an Amended PCRA Petition; however, the Amended PCRA Petition failed to comply with all legal requirements. Rather, the Petition continued to identify only vague claims. Attorney Morris subsequently appeared with Delvalle for the March 21, 2019, PCRA hearing, during which the PCRA court issued its **second** directive (formalized in an Order entered the following day) that Attorney Morris file an amended PCRA petition, adequately addressing Delvalle's claims in compliance with legal requirements. Attorney Morris did not comply with the PCRA court's Order. Indeed, the only filing by Attorney Morris after the date of the March 21, 2019, PCRA hearing is the Petition to Withdraw and

---

[5] Delvalle was required to file an appeal from the PCRA court's Order by August 1, 2019. **See** Pa.R.A.P. 903(a). Delvalle's *pro se* Notice of Appeal was not entered on the docket until August 5, 2019. Although the Notice of Appeal is dated July 31, 2019, Delvalle failed to provide a "properly executed prisoner cash slip or other reasonably verifiable evidence," Pa.R.A.P. 121(a), that he deposited the filing with prison authorities on that date. Even applying the prisoner mailbox rule, the earliest we could deem the Notice of Appeal filed is August 2, 2019, the date that appears on the postmark.

*Turner*/*Finley* letter he filed in this Court on January 23, 2020.[6, 7] The docket does not indicate that Attorney Morris withdrew his appearance or sought the court's leave to withdraw as counsel prior to the end of the appeal period, nor did the PCRA court ever conduct a *Grazier*[8] hearing to determine whether Delvalle wished to proceed *pro se*. Nevertheless, Delvalle filed a *pro se* Notice of Appeal.

_____

[6] Although Attorney Morris represented Delvalle through the proceedings on the second PCRA Petition, from the docket, it appears that Attorney Wilder had never formally withdrawn his appearance, and had been issued notice of several of the court filings related to the second PCRA Petition. On August 15, 2019, and October 28, 2019, Attorney Wilder filed with this Court an Application to Withdraw as Delvalle's counsel, and to substitute Attorney Morris as counsel. This Court granted the Application on November 21, 2019.

[7] After Attorney Morris filed his Petition to Withdraw and *Turner*/*Finley* no-merit letter, this Court issued an Order on February 3, 2020, directing Attorney Morris to comply with the requirement to provide notice that he had informed Delvalle of his right to retain counsel or proceed *pro se*. Attorney Morris filed a timely Response, attaching thereto a copy of a letter to Delvalle and the *Turner*/*Finley* no-merit letter). Our review confirms that Attorney Morris's letter to Delvalle did not inform him of his right to retain alternate counsel or proceed *pro se*. Further, the attached envelope indicates that these materials were marked "Return to Sender." Therefore, it appears that the first time Delvalle was informed of his rights in proceeding with his appeal was in response to this Court's February 3, 2020 Order. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (setting forth the requirements for PCRA counsel's review prior to seeking withdrawal); *see also Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (recognizing additional requirement that PCRA counsel seeking to withdraw must inform the petitioner of his right to retain alternate counsel or proceed *pro se*).

[8] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

Based upon the foregoing failures of Attorney Morris to submit any filings after the March 21, 2019, PCRA hearing, and to otherwise comply with the PCRA court's directives, the record supports Delvalle's apparent assertions that he was abandoned by Attorney Morris during the pendency of his PCRA proceedings, prior to his filing of the *pro se* Notice of Appeal. **See generally Commonwealth v. Wooden**, 215 A.3d 997, 998-1000 (Pa. Super. 2019 (holding that the record supported a finding of abandonment by PCRA counsel, where an amended PCRA petition was filed nearly five years after the *pro se* PCRA petition had been filed; the amended petition was the only filing by counsel; and the appellant later filed an inmate document request and untimely *pro se* notice of appeal); **id.** at 1000 (concluding that an untimely filed, *pro se* notice of appeal did not preclude relief in light of appellant's abandonment by counsel).

Accordingly, we vacate the Order dismissing Delvalle's PCRA Petition, and remand for further proceedings as are appropriate under the PCRA. On remand, the PCRA court shall determine whether Attorney Morris abandoned Delvalle during the pendency of these proceedings. Additionally, the PCRA court shall determine whether Delvalle is entitled to the appointment of counsel pursuant to Pa.R.Crim.P. 904 (concerning the entry of appearance, appointment of counsel and *in forma pauperis* status), and whether Delvalle wishes to proceed *pro se* or with the assistance of counsel. If Delvalle is entitled to and desires representation, the PCRA court shall appoint new counsel to represent Delvalle during the PCRA proceedings on remand. **See**

*Wooden*, 215 A.3d at 1001 (remanding for appointment of counsel and further proceedings).

Petition to Withdraw denied. Petition to File Post-Conviction Relief Act *Nunc Pro Tunc* denied without prejudice to raise this issue on remand. Order vacated. Case remanded with instructions. The Prothonotary is directed to remand the certified record to the PCRA court. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/09/2020